989 F.2d 1203
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dorsey E. PRYOR, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 92-3469.
 United States Court of Appeals, Federal Circuit.
 Feb. 17, 1993.
 
 Before RICH, PAULINE NEWMAN and RADER, Circuit Judges.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Mr. Dorsey E. Pryor seeks review of the Merit Systems Protection Board decision, Docket No. CH0752910215B1, dismissing his petition. Because Mr. Pryor waived any appeal right to the Board, this court affirms.
 
 BACKGROUND
 
 2
 The facts of this case are not in dispute. On December 19, 1988, Mr. Pryor voluntarily signed a "last chance pre-removal agreement" (LCA). Under that LCA, the Army agreed to forego Mr. Pryor's removal from federal service for repeated absences without leave. In the LCA, Mr. Pryor agreed that the Army could summarily remove him for any later "AWOL" or failure to "[f]ollow established procedures for requesting leave." In addition, the LCA specifically provides:
 
 
 3
 [i]f Mr. Pryor violates any of the terms and conditions of this agreement ... he freely and voluntarily waives his appeal rights to the Merit Systems Protection Board, Grievance-Arbitration and Equal Employment Opportunity complaint procedures.
 
 
 4
 Section 6 of Article 22 of the Negotiated Agreement, which sets forth the procedures for requesting leave, requires that an employee who is "unable to report to work because of illness shall contact his/her immediate supervisor as soon as possible but no later than one (1) hour after the regularly scheduled tour begins."
 
 
 5
 On November 28, 1990, Mr. Pryor became ill at work and left work early after visiting the health clinic. Mr. Pryor did not come to work for the next two days, November 29 and 30, 1990. Mr. Pryor admits he did not contact his immediate supervisor to report his absence. On December 13, 1990, the Army issued a decision letter which concluded that Mr. Pryor had violated the LCA's terms. The Army removed Mr. Pryor effective December 14, 1990. Because Mr. Pryor did not follow established leave procedures of the Negotiated Agreement, the Board found a violation of the LCA. On May 11, 1992, the Board denied Mr. Pryor's petition for review.
 
 DISCUSSION
 This court upholds MSPB decisions unless:
 
 6
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 7
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 8
 (3) unsupported by substantial evidence.
 
 
 9
 5 U.S.C. § 7703(c) (1988). See also Graybill v. United States Postal Serv., 782 F.2d 1567, 1570 (Fed.Cir.), cert. denied, 479 U.S. 963 (1986). Under this standard of review, this court will not overturn an agency decision supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lovshin v. Department of Navy, 767 F.2d 826, 844 (Fed.Cir.1985) (en banc), cert. denied, 475 U.S. 1111 (1986).
 
 
 10
 This court has enforced "last chance" settlement agreements. See e.g., Stewart v. United States Postal Serv., 926 F.2d 1146 (Fed.Cir.1991). Moreover, this court has approved voluntary waivers of appeal rights in LCAs. Id. at 1148.
 
 
 11
 The record supports the Board's finding that Mr. Pryor violated the terms of the LCA. Mr. Pryor admits to being absent from work on November 29 and 30, 1990. Mr. Pryor also admits to never contacting his immediate supervisor to secure approved leave. The LCA allows "no absences without permission." Moreover, section 6 of Article 22 of the Negotiated Agreement governs Mr. Pryor's conduct.
 
 
 12
 Thus, the Board correctly found that Mr. Pryor's conduct breached the terms of the LCA. Because Mr. Pryor waived any appeal right to the Board, the Board correctly dismissed Mr. Pryor's petition.